Filed 7/28/15  P. v. Miller CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN AUSTIN MILLER,<br><br>        Defendant and Appellant. | A144870<br><br>(Lake County<br>Super. Ct. No. CR933512) |

Defendant Benjamin Austin Miller pled no contest to one count of assault by means likely to produce great injury and admitted one of his prior prison term allegations for a stipulated sentence of five years in state prison.  He has now petitioned to be resentenced and have his offense reclassified as a misdemeanor pursuant to Penal Code section 1170.18, subdivision (a), commonly known as Proposition 47.[1]  This is an appeal from the trial court's order denying the petition.  Defendant's court-appointed counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Defendant has also been informed of his right to file supplemental briefing, and

---

[1] "On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  Penal Code section 1170.18 "was enacted as part of Proposition 47."  (*Rivera*, at p. 1089.)  All further statutory references are to the Penal Code.

1

he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

Defendant was charged with one count of residential burglary (§ 459), two counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and one count of unlawful possession of ammunition by a felon (§ 30305, subd. (a)(1)).  The information also alleged that defendant had served two prior prison terms (§ 667.5).  As to the burglary charge, there were allegations that it was a serious felony (§ 1192.7, subd. (c)), a violent felony (§ 667.5, subd. (c)), defendant had a previous strike conviction (§ 667, subd. (b)-(i)), and a previous conviction of a violent felony (§ 667.5, subd. (a).)[2]

Defendant pled no contest to one count of assault by means likely to produce great bodily injury and admitted one of the prior prison term allegations, pursuant to a negotiated disposition that included a stipulated sentence of five years in state prison. The prosecutor dismissed the remaining charges in the information as part of the negotiated disposition, and defendant entered a *Harvey*[3] waiver as to the dismissed assault charge.  Defendant signed a seven-page document entitled "Plea Form, With Explanations and Waiver of Rights," which was also signed by his counsel and the prosecutor, and accepted by the trial judge.  At the change of plea hearing, the judge engaged in voir dire of defendant, and accepted his plea.

Defendant was sentenced on July 28, 2014, in accordance with the plea agreement and awarded presentence credits.

On March 2, 2015, defendant filed a petition pursuant to section 1170.18, subdivision (a) to have his felony sentence recalled and his offense resentenced as a

---

[2] Defendant's counsel notes in the *Wende* brief that the information also "alleges with regard to appellant's burglary charge that he sustained a prior conviction for a serious felony pursuant to section 667.5, subdivision (a)(1), this pleading was defective in the absence of any subsequent amendment reflecting the appropriate provision for this allegation—section 667, subdivision (a)(1)."  We need not consider this issue, because it is not at all relevant to the appeal.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

misdemeanor.  The petition for resentencing was denied by the trial court in a witten order filed on March 3, 2015, on the ground that defendant was "not eligible."

This appeal followed.

We have reviewed the record on appeal and conclude that there are no meritorious issues to be argued.  Defendant's petition for resentencing was filed pursuant to section 1170.18, subdivision (a).  That section lists certain crimes for which a defendant may be eligible to be resentenced.  It does not list section 245, the felony violation for which defendant was convicted.  The trial court summarily denied the petition on the ground that defendant was not eligible for the relief he sought.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.  The order is affirmed.

_____
Miller, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.